

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00207-CR

_____

LOUANNE LARSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. 10846

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Louanne Larson was convicted by a jury of capital murder and was sentenced October 8, 1993, to life imprisonment. Larson's conviction was affirmed on direct appeal. *Larson v. State*, 890 S.W.2d 200 (Tex. App.—Texarkana 1994, pet. ref'd). Thereafter, in 2002, Larson filed a post-conviction motion for forensic deoxyribonucleic acid (DNA) testing under Article 64.03 of the Texas Code of Criminal Procedure. *See* Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.03(a), 2001 Tex. Gen. Laws 2, 3 (amended 2003, 2015) (current version at TEX. CODE CRIM. PROC. art. 64.03(a) (West Supp. 2016)). This Court affirmed the trial court's denial of that motion. *Larson v. State*, No. 06-04-00056-CR, 2004 WL 2708039, at *4 (Tex. App.—Texarkana Nov. 30, 2004, pet. ref'd) (mem. op., not designated for publication). After Article 64.03 was amended in 2003, *see* Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, § 3, art. 64.03(a), 2003 Tex. Gen. Laws 16, 16 (amended 2015) (current version at TEX. CODE CRIM. PROC. art. 64.03(a)), Larson, in February 2015, filed a second post-conviction motion for forensic DNA testing. On September 28, 2015, the trial court denied that second motion as well, and Larson then filed a direct appeal to this Court under appellate cause number 06-15-00178-CR. *See Larson v. State*, 488 S.W.3d 413 (Tex. App.—Texarkana 2016, pet. ref'd).[1] The record in appellate cause number

[1]In that opinion, we pointed out that, due to the timing of the second motion for forensic DNA testing, the 2015 amendment to the statute, which became effective on September 1, 2015, did not apply. We stated,

> Article 64.03 was amended in 2003 to change the burden of proof from "reasonable probability" to "preponderance of the evidence." *See Smith*, 165 S.W.3d at 364. Article 64.03 was amended again in 2015 to change the requirement that a defendant affirmatively prove that biological material exists on the evidence to a requirement that the defendant merely prove "a reasonable likelihood that biological material suitable for DNA testing" exists. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West Supp. 2015); *compare with Swearingen*, 424 S.W.3d at 37. Because Larson's motion was filed in February 2015, the 2003 amendments to [Article] 64.03 are applicable to her motion, but the 2015 amendments are not.

06-15-00178-CR was filed with this Court, and Larson filed a brief raising points of error related to the trial court's denial of her second motion. On April 1, 2016, this Court issued its opinion affirming the trial court's denial of Larson's 2015 motion for forensic DNA testing. *Id.*

The proceedings in appellate cause number 06-15-00178-CR constituted Larson's direct appeal from the trial court's September 28, 2015, order denying her second motion for DNA testing, and Larson is only entitled to one direct appeal from the denial of that motion. Larson has now filed a notice of appeal dated November 11, 2016. While it is not altogether clear what Larson sought to accomplish by the filing of her most recent notice of appeal, we interpreted that filing as Larson's attempt to notice a second appeal from the September 2015 order denying her second motion for forensic DNA testing. Assuming Larson is attempting to file a second appeal from the trial court's September 2015 order, we lack jurisdiction to hear such an appeal. *See* TEX. R. APP. P. 19.1, 19.3 (appellate court cannot vacate or modify judgment after plenary power has expired).

Moreover, on the record before us, it does not appear that the trial court has entered an appealable order or judgment since the September 28, 2015, order overruling Larson's second motion for DNA testing. In the absence of an appealable judgment or order, we are without jurisdiction to hear an appeal.

By letter dated November 23, 2016, we notified Larson of this potential defect in our jurisdiction and afforded her the opportunity to respond. Larson has not filed a response.

We, therefore, conclude that we lack jurisdiction over this attempted appeal.

We dismiss this appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 20, 2017
Date Decided:       January 25, 2017

Do Not Publish